# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

DIONNE M. WILSON,

    Plaintiff,

v.

ADVOCATE HEALTH and
HOSPITALS CORPORATION,
ADVOCATE HEALTH CENTERS,
INC., HOLLY HARRIS, and WILLIAM
McCARTHY

    Defendants.

No. 05 C 6408

Paul E. Plunkett, Senior Judge

## MEMORANDUM OPINION AND ORDER

Dionne M. Wilson ("Plaintiff") has filed a four count complaint against Advocate Health and Hospitals Corporation ("AHHC"), Advocate Health Centers, Inc. ("AHCI"), Holly Harris and William McCarthy, alleging violations of The Family Medical Leave Act ("FMLA"), Intentional Infliction of Emotional Distress ("IIED") and race discrimination under 29 U.S.C. § 1981. McCarthy and AHCI or ("Defendants") have each filed a Federal Rule of Civil Procedure ("Rule")12(b)(6) Motion to Dismiss. McCarthy seeks to dismiss Counts I, II, and III against him and AHCI requests dismissal of Count III against it. Defendants assert that Plaintiff has not presented claims under which relief can be granted. For the reasons set forth below, McCarthy's motion is granted in part and denied in part and AHCI's motion is denied.

1

## Facts

Dionne Wilson was hired by AHHC on April 22, 2002, to work in its Burbank, Illinois location. (Compl. ¶¶ 10,11.) Wilson alleges that in 2004, Dr. William McCarthy, an employee of AHCI, defamed Wilson by accusing her of fraud and discriminated against her because of her race. (*Id.* ¶¶ 15,16.) Wilson informed Marlise Fetsch in AHHC's Human Resources and Laura Patterson, director of AHHC operations, about McCarthy's conduct, but no investigation or corrective action was taken. (*Id.* ¶¶ 15-17.) Plaintiff was referred to see Dr. David Duncan, a psychologist, and he diagnosed Plaintiff with major depressive disorder and advised her to take some time off of work. (*Id.* ¶¶ 17,18.) Beginning in May 2004, Plaintiff was on FMLA leave for approximately four weeks and then again for three weeks in August 2004. (*Id.* ¶¶ 19, 20.) In June 2004, Wilson was transferred to AHHC's facility in Oak Lawn, Illinois.

In October 2005, Plaintiff applied for and was granted FMLA leave to care for her ailing father (*Id.* ¶¶ 22-29.) On October 21, 2005, Plaintiff's intermittent leave began and on October 24, 2005 Holly Harris, another AHHC employee, began calling and harassing Plaintiff, asking her when she was coming back to work full time. (*Id.* ¶¶ 30,31.) On October 31, 2005, Plaintiff called Harris and informed her that Plaintiff's intermittent leave would allow her to come to work on Thursdays and Fridays. (*Id.* at ¶ 32.) On November 4, 2005, Plaintiff was informed by AHHC that she was terminated. Despite her positive performance evaluations during her tenure, Plaintiff was discharged by AHHC for poor work performance. (*Id.* ¶¶ 14, 33, 39, 42.) Plaintiff alleges that she was forced to choose between caring for her sickly father and keeping her job with AHHC and that she was retaliated against for taking FMLA leave. (Comp. ¶¶ 36-38, 49, 50.) She further states that

2

Defendants intentionally violated and interfered with her FMLA rights and intentionally caused her severe emotional distress. (*Id.* ¶¶ 43-48, 51, 52, 65-67.)

## Legal Standard

In considering a Rule 12(b)(6) motion to dismiss, a court accepts the complaint's well-pleaded factual allegations as true and draws all reasonable inferences in favor of the plaintiff. See *Forseth v. Village of Sussex*, 199 F.3d 363, 368 (7th Cir. 2000). No claim will be dismissed unless "it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Moreover, any ambiguities in the complaint will be construed in favor of the plaintiff. *Thompson v. Ill. Dep't of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002). In order to overcome a motion to dismiss for failure to state a claim, the complaint must at least set out facts sufficient to "outline or adumbrate" the basis of the claim, meaning a complaint must unveil the facts that give rise to the claim. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996). A plaintiff may plead conclusions, but those conclusions must be supported with facts that apprise the defendant of the basis and grounds of the claim. *Id.* The plaintiff, however, may not properly state a claim by making only conclusions. *Id.*

## Discussion

Plaintiff alleges in Count I that she was retaliated against in violation of 29 U.S.C. § 2615 (a)(2). Specifically, she states that the FMLA leaves that she had taken were factored into her termination, and as a result she has been harmed emotionally and financially. (*Id.* 53-57.) McCarthy

3

contends that because he was not Plaintiff's employer, he cannot be held individually liable for discrimination and the FMLA violations. The FMLA entitles an eligible employee to receive up to twelve workweeks of leave from her employer if, among other reasons, "in order to care for the spouse, or a son, daughter, or parent, of the employee, if such spouse, son, daughter, or parent has a serious health condition." 29 U.S.C. § 2612(a)(1)(C). To state an FMLA claim, Plaintiff must allege that: (1) she is eligible, meaning she was employed for at least twelve months by her employer and worked at least 1,250 hours during the preceding twelve-month period (29 U.S.C. §§ 2611(2), 2612(a)(1)); (2) her employer is covered by the statute, or specifically is "engaged in . . . an[] industry or activity affecting commerce [and] employs 50 or more employees for each working day during each of twenty or more calendar workweeks in the current or preceding calendar year" (29 U.S.C. § 2611(4)); (3) she was entitled to a leave because she had to care her father who had a serious health condition (29 U.S.C. § 2612(a)(1)(C)); and (4) the employer was aware of Plaintiff's need for leave but refused to provide it (29 U.S.C. § 2615(a)(1); 29 C.F.R. §§ 825.302-03). To establish a *prima facie* Title VII retaliatory discharge claim, Wilson must show that she engaged in protected activity, her employer acted adversely against her, and there is a causal link between the two. *Gonzalez v. Ingersoll Milling Mach. Co.*, 133 F.3d 1025, 1035 (7th Cir. 1998); *see also Buie v. Quad/Graphics, Inc.*, 366 F.3d 496, 503 (7th Cir. 2004).

Here, there is no dispute as to Wilson's eligibility for FMLA or whether she has stated a viable FMLA or retaliatory discharge claim. The question, rather, is whether McCarthy can be considered as the "employer" under the statute and thus liable for the alleged violations. Although the Seventh Circuit has not addressed whether an individual can be held liable in an FMLA action, the parties agree that courts have looked to the FLSA provisions to determine this issue. *See e.g.*

4

*Freemon v. Foley*, 911 F. Supp. 326 (N.D.Ill. 1995). The FLSA states that an individual employee can be considered the employer referenced in the statute only if: (1) he had supervisory authority over the plaintiff; and (2) he was at least partly responsible for the alleged violation. *Riordan v. Kempiners*, 831 F.2d 690, 694 (7th Cir. 1987); *See also* 29 U.S.C. § 203(d).

Plaintiff fails to plead that McCarthy had supervisory authority over her and, thus, has failed to establish that he is her employer. McCarthy was an employee of AHCI and Plaintiff was an employee of AHHC. There is no allegation that Wilson worked for McCarthy or that McCarthy ever supervised Plaintiff. Plaintiff argues that based on a hospital's hierarchy, it is evident that McCarthy's position was superior to Wilson's. However, even if McCarthy's inherent duties enabled him to give Wilson direction from time to time, there is no allegation that, over a year after his involvement with her, McCarthy had any part or authority in the decision to grant Wilson FMLA leave or to terminate her. *Freemon*, 911 F. Supp. 331-32 (stating that individual liability depends on whether the individual has control over that which was violated).

Further, Plaintiff does not sufficiently allege that McCarthy was partly responsible for the violation. The alleged violation in this count is retaliation for her 2005 discharge. The complaint does not allege that McCarthy had any contact with Wilson in 2005, retaliated against her, much less that he had authority to take any action against her, especially with regard to her employment benefits and status. Plaintiff only contends that McCarthy defamed her and made racial remarks to her in 2004 and subsequently her employer, AHHC, took her complaints, granted three separate FMLA leaves and discharged her. Such allegations do not lead us to believe that the violation of Plaintiff's FMLA rights, as well as Plaintiff's discharge, happened at the hands of Dr. McCarthy.

To this, Plaintiff argues that although she did not specifically outline the facts to support her

allegations, she has sufficiently pled her claims in compliance with Rule 8. Under the federal rule of notice pleading, to be viable, allegations require a short and plain statement of the claim that will give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests. *Kyle v. Morton High Sch.*, 144 F.3d 448, 454 (7th 1998) (citing *Leatherman, v. Tarrant County Narcotics and Intelligence Coordination Unit*, 507 U.S. 163, 168 (1993)). In order to overcome a motion to dismiss for failure to state a claim, the complaint must at least set out facts sufficient to "outline or adumbrate" the basis of the claim, meaning a complaint must unveil the facts that give rise to the claim. *Panaras v. Liquid Carbonic Indus. Corp.*, 74 F.3d 786, 792 (7th Cir. 1996). A plaintiff may plead conclusions, but those conclusions must be supported with facts that apprise the defendant of the basis and grounds of the claim. *Id.* A plaintiff may not, however, properly state a claim by making only conclusions. *Id.*

We believe Plaintiff has not, and could not, set forth facts to establish that McCarthy is her "employer" as defined under FMLA. Plaintiff's conclusory statements are not sufficient for us to determine that McCarthy has a hand in making decisions regarding Wilson's FMLA leave or that he was partly responsible for her discharge. Thus, he may not be held liable for the alleged FMLA violations and must be dismissed from Count I.

A wrongful discharge claim under the FMLA can be brought on the premise of either discrimination/retaliation or interference/entitlement. *Kauffman v. Fed. Express Corp.*, 426 F.3d 880, 884-85 (7th Cir. 2005). The difference between the two is the former requires proof of intent while the latter only requires the employee did not receive the time to which she was entitled under FMLA. *Id.* In Count II, Plaintiff moves from retaliation to interference theory, contending that Harris, McCarthy and her employer, AHHC, violated FMLA by interfering with her FMLA rights.

(Comp. ¶¶ 58, 62.) Namely, Plaintiff claims that she was held accountable for incomplete work during her FMLA leave, she was disciplined for taking FMLA leave, and she was harassed. (*Id.* ¶ 62.) After reporting McCarthy's race discrimination and defamation to AHHC, Wilson alleges she was harassed by AHHC, AHCI and their employees, all of whom intentionally interfered with her FMLA rights. (*Id.* ¶¶ 40, 43.)

Under FMLA. it is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided [or to] . . . discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by this title." 29 USCS §2615(a). Whether a wrongful discharge claim is brought forth under the discrimination/retaliation or the interference/entitlement theory, there must be a showing that the employer denied the employee of a right. *Kauffman*, 426 F.3d at 884-85.

In this alternative theory for recovery, Plaintiff meets the same impasse as she did in Count I. This count also fails to set forth sufficient facts to "outline or adumbrate" the basis of the claim or any facts that would suggest that McCarthy's alleged improper conduct, that occurred more than a year earlier, had any bearing on Wilson's discipline, termination or subsequent requests for leave. *Panaras*, 74 F.3d at 792. As discussed, with the allegations that have been made, McCarthy cannot be considered the employer that violated Wilson's FMLA rights. 29 USCS §2615(a). Thus, McCarthy must also be dismissed from Count II.

In Count III, Plaintiff states that all Defendants, McCarthy, individually, and AHCI, as his employer, intentionally inflicted emotional distress upon her. Defendants argue that Plaintiff has not only failed to sufficiently allege an IIED claim, but this Court also lacks jurisdiction over the IIED

claim.¹ To support a claim for IIED a plaintiff must allege that: (1) defendant's conduct was extreme and outrageous; (2) defendant intended to cause plaintiff severe emotional distress or knew that such distress was substantially certain to result; and (3) plaintiff did, indeed, suffer extreme emotional distress. *McGrath v. Fahey*, 126 Ill. 2d 78, 86 (1998).

To establish extreme and outrageous conduct, the plaintiff must allege more than "mere insult, indignities, threats, annoyances, petty oppression or trivialities." *Adan v. Solo Cup, Inc.*, 2001 U.S. Dist. LEXIS 12726, *10 (Aug. 17, 2001) (citing *Pub. Fin. Corp. v. Davis*, 66 Ill. 2d 85, 89 (1997). "Rather, the nature of the defendant's conduct must be so extreme as to go beyond all possible bounds of decency, and to be regarded as intolerable in a civilized community." *Id.* (quoting *Kolegas v. Heftel Broad. Corp.*, 154 Ill. 2d 1, 21 (1992)). Even under the minimal requirements of notice pleading, a complaint must allege facts sufficiently setting forth the essential elements of the cause of action. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992). Plaintiff must set forth operative facts that give basis to his claim, meaning, it must be more than a "bald assertion." *Id.*

Here, in Count III, Plaintiff has failed to allege a sufficient number of material facts in connection with her IIED claim. To support her IIED claim, Plaintiff alleges only that she was forced to choose between her ailing father and her work responsibilities. (Compl. ¶ 65.) Plaintiff contends that this was extreme and outrageous conduct that Defendants knew would likely cause Plaintiff harm. (*Id.* ¶¶ 65-67.) Plaintiff also states earlier in her complaint that McCarthy defamed her and racially discriminated against her. Plaintiff's general statements that the Defendants inflicted

---

¹At this stage, we will not treat the jurisdictional question as it is dependent upon the content of Count III in the second amended complaint.

8

emotional distress upon her, without even stating what the specific conduct was, is the type of bald assertion that this Court deems insufficient. Although these two contentions alone are not enough to sustain Plaintiff's IIED claim, we believe that dismissal would not be appropriate at this time. Therefore, Plaintiff will be given fourteen (14) days to re-plead the assertions in Count III only. Plaintiff must genuinely inform the Court of all of the different events that support and led to the alleged IIED. Plaintiff must also direct us to operative facts and inform this Court how McCarthy and AHCI contributed to the intentional infliction of emotional distress that she claims she suffered.

As set forth above, the Court, *sua sponte*, gives Plaintiff until July 7, 2006, to submit a second amended complaint setting forth more specific facts and allegations to support her IIED claim. Based on the second amended complaint, Defendant must respond or otherwise plead by July 28, 2006. If Plaintiff does not file a second amended complaint, the Court will rule on Defendants' March 16, 2003 and March 23, 2003 motions to dismiss Count III.

### Conclusion

For the reasons stated, Defendants' motions to dismiss are granted in part and denied in part. McCarthy is dismissed from Count I and Count II. Defendants' motions to dismiss Count III is denied without prejudice.

**ENTER:**

UNITED STATES DISTRICT JUDGE
PAUL E. PLUNKETT

**DATED:** JUN 2 1 2006

9